## Seyfert's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Ladner, JJ.

*Paul Reilly,* for accountant and for Elsie G. Seyfert, individually.

*Paul J. Donnelly* and *John A. Skelton, Jr.,* for claimant.

*Francis F. Burch,* city solicitor, and *Francis Lyttleton Maguire,* assistant city solicitor, for City of Philadelphia.

LADNER, J., June 20, 1941.—At the audit, a claim of $207.47 was presented by the Insurance Commissioner of the Commonwealth, in charge of the liquidation of the Keystone Indemnity Exchange. This exchange had op-

erated pursuant to sections 1001-10 of The Insurance Company Law of May 17, 1921, P. L. 682, as amended, 40 PS §§962-70, and the claim was made for an assessment imposed by the Dauphin County court (see Commonwealth ex rel. v. Keystone Indemnity Exchange, 34 D. & C. 505) upon "the subscribers of the Keystone Indemnity Exchange holding contracts of exchange among said subscribers and issued from April 9, 1929, to May 18, 1933". The Insurance Commissioner claimed that decedent was one of these subscribers. The learned auditing judge allowed the claim and to his action in so doing Elsie Seyfert, widow, as sole legatee, excepts. By her exceptions she raises the single question whether there was sufficient evidence to support the auditing judge's finding that decedent was such a "subscriber".

The evidence before the auditing judge consisted of the testimony of Edwin S. Weiss, who testified that he was an agent for the exchange from 1929 to 1933, that policies were issued to testator by the exchange on August 4, 1929, 1930, 1931, which he delivered to testator according to his best belief, and decedent paid the premiums thereon. In corroboration of his testimony, that decedent was a policyholder of the exchange, a letter in the handwriting of and signed by decedent, dated August 2, 1928, was offered, addressed to the Keystone Indemnity Exchange "Att. Mr. Edwin Weiss", reading:

"Gentlemen: Referring to my policy P. H. 614-8-28 covering my Buick Sedan, I wish to discontinue the fire and theft item and increase the public liability to 10/20,000 dollars. Please send this new policy to my home address. I believe the old policy expires August 4th."

We agree that this evidence was sufficient to support the finding of the auditing judge that decedent was a "subscriber". In absence of evidence to the contrary the liability of the estate necessarily followed: Commonwealth ex rel. v. Keystone Indemnity Exchange, 335 Pa. 333. The able counsel for exceptant earnestly argues that the term "subscriber" must be referred to its tech-

nical meaning, viz, one who signed by person, or authorized agent, the reciprocal insurance contracts and letter of attorney required in this class of insurance. The learned auditing judge rejected this contention because of the definition of subscriber contained in section 1001 of The Insurance Company Law of 1921, supra. But even if we accept exceptant's contention, nevertheless, the evidence is sufficient (in absence of evidence to the contrary) to raise a fair presumption or warrant the inference that decedent, having accepted the policies and paid the premiums therefor, also signed or authorized to be signed all instruments necessary to make the insurance effective. The exceptions of Elsie G. Seyfert must therefore be dismissed.

Exceptions were also filed by the Insurance Commissioner to a ruling which excluded certain business records of the Keystone Indemnity Exchange which were offered to prove the liability of decedent's estate. None of these records offered contained the signature of decedent nor was the offer accompanied by any proof that decedent ever saw them or knew their contents. Counsel for the Insurance Commissioner contended at the audit that the Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42, made all records entered in regular course of business admissible to prove liability of the party charged thereby. The learned auditing judge ruled that the statute in question did not expressly so provide nor was that its purpose. We are asked by the Insurance Commissioner to hold this ruling error.

Although we are all of the opinion that the ruling of the learned auditing judge was correct (see Williams v. Caples, 342 Pa. 230, decided by the Supreme Court since the adjudication and the argument), it is not necessary for us to pass upon the exceptions in view of our action in confirming the allowance of the claim; for even if the exclusion of the evidence offered was error it would at the most be harmless.

All exceptions are dismissed and the adjudication is now confirmed absolutely.